UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICK STEPHENSON,

    Plaintiff,

v.   Case No: 8:21-cv-2256-CEH-AEP

EXPERIAN INFORMATION SOLUTIONS, INC., MOUNTAIN RUN SOLUTIONS, LLC, CHRIS CARTER and BRIAN FULLER,

    Defendants.
_____/

## ORDER

This matter comes before the Court on Plaintiff's Motion for Default Judgment (Doc. 24), filed on December 10, 2021. In the motion, Plaintiff seeks entry of default judgment against Defendants Mountain Run Solutions, LLC, Chris Carter, and Brian Fuller, pursuant to Rule 55(b)(2). The Court, having considered the motion and being fully advised in the premises, will deny, without prejudice, Plaintiff's Motion for Default Judgment against Defendants Mountain Run Solutions, LLC, Chris Carter, and Brian Fuller.

### DISCUSSION

In this action brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA"), the Florida Consumer Collection Practices Act, § 559.55, Fla. Statutes, *et seq.* ("FCCPA"), and the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), Plaintiff Patrick Stephenson sues Defendants Experian

Information Solutions, Inc., Mountain Run Solutions, LLC, Chris Carter, and Brian Fuller in a four-count Complaint filed September 24, 2021. Doc. 1. On November 4, 2021, Plaintiff moved for a Clerk's default against Defendants Mountain Run Solutions, LLC ("Mountain Run"), Chris Carter ("Carter"), and Brian Fuller ("Fuller"). Doc. 19. The Clerk entered default against these three Defendants on November 5, 2021. Docs. 20, 21, 22. Defendant Experian Information Solutions, Inc. ("Experian") answered Plaintiff's Complaint on November 29, 2021. Doc. 23.

On November 10, 2021, Plaintiff filed the instant motion seeking default judgment against the defaulted Defendants—Mountain Run, Carter, and Fuller. Doc. 24. On January 7, 2022, Plaintiff moved to amend his Complaint, which the Court granted. Docs. 28, 29. On January 27, 2022, Plaintiff filed his First Amended Complaint. Doc. 30. In the four-count First Amended Complaint, Plaintiff sues Experian in Count I for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"). In Count II, he sues Mountain Run for violations of the FCRA. In Count III, he sues Mountain Run, Carter, and Fuller for violations of the FDCPA, and in Count IV he sues these same three Defendants for violations under the FCCPA.

Under federal law, a district court may enter a default judgment when a defendant has failed to plead or defend. Fed. R. Civ. P. 55(a), (b)(2). The law in this Circuit makes clear that default under Rule 55 is a two-step process:

> Under Rule 55 of the Federal Rules of Civil Procedure, there is "a two-step procedure for obtaining a default judgment." *Deforest v. Johnny Chisholm Global Events, LLC*, No. 3:08–cv–498, 2010 WL 1792094, *7 (N.D. Fla. May 4, 2010); see also Fed. R. Civ. P. 55(a), (b). First, the clerk

> must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Second, after a default is entered, the party must then apply to the court for a default judgment. See Fed. R. Civ. P. 55(b). As a result, "the clerk's entry of default must precede an application" for default judgment. *Deforest*, 2010 WL 1792094 at *7 (citing *Fairman v. Hurley*, 373 F.Supp.2d 227, 231 (W.D.N.Y. 2005)); *Travelers Cas. & Surety Co. of Am., Inc. v. E. Beach Dev., LLC*, No. 07–0347–WS–B, 2007 WL 4097440, *1 (S.D. Ala. Nov. 14, 2007) ("The point is that a clerk's entry of default must precede an application to the district court for entry of default judgment.").

*Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1360 n.1 (N.D. Ga. 2011); *see also* 10A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2682 (3d ed. 1998) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)").

Plaintiff obtained Clerk's defaults against Mountain Run, Carter, and Fuller, pursuant to Rule 55(a), when they failed to answer the initial Complaint, and he now moves for default judgment under Rule 55(b). Since the entry of the Clerk's defaults on the initial complaint, however, Plaintiff has filed an Amended Complaint. Doc. 30. Under the Federal Rules of Civil Procedure, "an amended complaint supersedes the initial complaint and becomes the operative pleading in the case," *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007). Generally, "an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading." *Varnes v. Local 91, Glass Bottle Blowers Ass'n of*

*U.S. & Canada*, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982). Plaintiff's Amended Complaint does not adopt the prior pleading. Thus, the Amended Complaint is the operative complaint.

In the Amended Complaint, Plaintiff asserts no new claims against the defaulted Defendants, but the Court observes that the Plaintiff has alleged new additional general allegations, which have been incorporated into each of the Counts against Mountain Run, Carter, and Fuller. *Compare* Doc. 1 ¶¶ 1–86, *with* Doc. 30 ¶¶ 1–110; *see also* Doc. 30 ¶¶ 120, 124, 132 (incorporating ¶¶ 1–110). Thus, arguably the scope of the case may have changed. To grant Plaintiff's motion would result in default judgment against these Defendants as to allegations for which Defendants were never given the opportunity to answer. Additionally, granting Plaintiff's motion would require the case to proceed with different complaints directed against different defendants, which is untenable and confusing. *See Kim v. Summit and Crowne Capital Partners, LLC*, No. 8:18-cv-2982-TPB-SPF, 2019 WL 5110618, at *1 (M.D. Fla. 2019) (noting that "confusion would result if there were two complaints charging all defendants, one effective as to those defaulting and one effective as to the active defendants."). Neither of these scenarios is consistent with this Circuit's policy of deciding cases on their merits and disfavoring default judgments. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015) ("Because of our 'strong policy of determining cases on their merits,' however, default judgments are generally disfavored.").

Thus, the Court will exercise its discretion to deny without prejudice Plaintiff's Motion for Default Judgment. *See Rockhill Ins. Co. v. S. Dade Drywall, Inc.*, No. 0:20-CV-60175-UU, 2020 WL 5798398, at *1 (S.D. Fla. Apr. 10, 2020) (observing that Federal Rule of Civil Procedure 55(b)(2) gives the trial court discretion whether to grant or deny motions for default judgment).

Accordingly, it is

**ORDERED**:

1. Plaintiff's Motion for Default Judgment Against Defendants Mountain Run Solutions, LLC, Chris Carter, and Brian Fuller (Doc. 24) is **DENIED without prejudice**.

2. To the extent not already done, Plaintiff shall serve the Amended Complaint on Defendants, as prescribed by Federal Rules of Civil Procedure 4 and 5.

**DONE AND ORDERED** in Tampa, Florida on February 4, 2022.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties

5