UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICK STEPHENSON,

     Plaintiff,

v.                                 Case No: 8:21-cv-2256-CEH-MRM

MOUNTAIN RUN SOLUTIONS,
LLC, CHRIS CARTER and BRIAN
FULLER,

     Defendants.

_____

## ORDER

This matter is before the Court following the Court's June 12, 2023, Order to Show Cause (Doc. 51) to which Plaintiff, Patrick Stephenson, has failed to respond. The Order to Show Cause directed Plaintiff to file a written response by June 26, 2023, stating why the case should not be closed and the action dismissed against Defendant Chris Carter. Plaintiff did not file a response to the Court's order. Upon consideration, Plaintiff's claims against Chris Carter will be dismissed without prejudice and this case closed.

## DISCUSSION

A district court may dismiss a plaintiff's claims pursuant to Rule 41(b) or the court's inherent authority to manage its docket. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). Under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move

to dismiss this action or any claim against it." Fed. R. Civ. P. 41(b). The Eleventh Circuit has recognized that a district court may dismiss an action *sua sponte* for the plaintiff's failure to prosecute his case or obey a court order under Rule 41(b). *Betty K Agencies, Ltd.*, 432 F.3d at 1337.

On March 17, 2023, the Court granted default judgment in favor of Plaintiff and against Defendants, Mountain Run Solutions, LLC and Brian Fuller. Doc. 48. A Judgment was entered in Plaintiff Patrick Stephenson's favor and against Defendants Mountain Run and Fuller Doc. 49. On the same date, the Court found that for purposes of the motion for default judgment, service on Defendant Chris Carter was invalid. *Id.* at 13. The Court vacated the clerk's default against Defendant Carter and granted Plaintiff an extension of thirty days in which to properly serve Carter. *Id.* at 24–25. More than thirty days passed, and no evidence was filed reflecting that service on Carter had been accomplished. Accordingly, the Court issued an Order to Show Cause to Plaintiff to ascertain whether Carter had been served or any attempt to serve Carter had been made. Doc. 51. The Order to Show Cause directed Plaintiff to respond within fourteen days. Plaintiff's response was due by June 26, 2023. The Order cautioned Plaintiff that a failure to respond within the time permitted "will result in the action against Defendant Carter being dismissed without prejudice and the case closed." *Id.* at 1–2. Plaintiff has failed to respond to the Court's Order to Show Cause, has not filed evidence of service on Carter, and has not sought an extension of time to do either. Accordingly, it is hereby

**ORDERED:**

1.     Plaintiff's claims against Defendant Chris Carter are **DISMISSED,** without prejudice.

2.     The Clerk is directed to terminate any pending motions and deadlines and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida on June 30, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties